92 So.2d 273

Albert W. GUYNES

v.

PACIFIC NATIONAL FIRE INSUR-
ANCE COMPANY.

No. 41912.

Dec. 10, 1956.

Rehearing Denied Jan. 21, 1957.

George J. Ginsberg, Alexandria, for plaintiff-appellant.

Stafford & Pitts, Alexandria, for defendant-appellee.

PONDER, Justice.

The plaintiff has appealed from a judgment denying him recovery on a fire insurance policy.

The plaintiff, Albert W. Guynes, brought suit seeking to recover from the defendant $6,000 with interest and penalties for the loss by fire of a certain dwelling which he claims to have been insured by the defendant. The defendant in its answer denies any liability averring that the house destroyed by fire was not covered by the insurance policy issued to the plaintiff. In the alternative, the defendant avers that, if it should be held for any reason that the house destroyed was covered by the policy, it was not the intention of the parties to the contract to insure this house and, there-

fore, the contract should be reformed to include the house intended to be covered by the policy issued. Upon trial the lower court rejected the plaintiff's demand; the plaintiff appealed. During the pendency of the appeal, the plaintiff died and the administrator of his succession has been substituted as appellant.

The sole question presented in this case is whether or not the house that was destroyed by fire was covered by the insurance policy.

It appears from the record, that the plaintiff, now deceased, resided in Grant Parish and owned some 200 acres of land on which there was a house approximately 40 or 50 years old in which he lived. This house had a cypress board roof and was in a badly depreciated condition. He decided to build a new house directly in front of the old house and made application to the First Federal Savings and Loan Association for funds with which to erect this new house. After the application for the loan was accepted, the insurance policy involved herein was issued. In the policy of insurance the property to be covered by the insurance was described as follows:

"On the one story, frame, approved roof building, occupied by owner as a one family dwelling and situate on the south side of Packton-Georgtown Highway, about 2 miles from Georgetown, La."

The evidence shows that at the time this policy was issued the old house did not have an approved roof within the contemplation of the policy but was at a later date partially re-roofed with a composite roofing before the fire occurred. At the time the policy was issued, the old house was the only dwelling on the land and the materials to be used in the construction of the new house were delivered some five days thereafter.

From the plaintiff's testimony, it appears that he never knew that he had insurance until the policy was mailed to him and that at no time did he discuss the insurance with the insurance agent or the president of the loan association. He testified that he had taken out a builder's risk policy on the new house with another agent.

It appears from the testimony of the insurance agent that it was the intention of the parties to insure the new house and that she purposely described the roof in order to make a distinction between the new house and the old house. She further testified that the plaintiff and the president of the loan association were present at the time the policy was issued and that it was the intention of the parties to insure the house to be constructed as a se-

curity for the loan and she emphasized the fact that had the parties intended to insure the old house there would have been a different rate of insurance and she would not have issued a policy for $6,000 on the old house in its condition.

The testimony of the president of the loan association is to the effect that when his company makes a loan on a house to be constructed it is its practice to have the borrower take out insurance to protect the mortgage clause inserted in favor of the company before the erection of the structure. He also testified that the old house was uninsurable. He further testified that it was the intention of the parties to insure the new structure and that the policy covered the materials placed on the ground for the construction of the new house.

While the plaintiff testified that it was his understanding that the old house was insured, his testimony is contradicted by the other two witnesses.

From an examination of the testimony in this case, it is apparent that the new house was constructed and that the policy was issued to cover this house. It is unreasonable to believe that an agent would issue a policy of $6,000 on a house that was practically worthless.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.